1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HILL, FARRER & BURRILL LLP**
James Bowles, Esq. (SBN 089383)
    email: jbowles@hillfarrer.com
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA  90071-3147
Telephone:  (213) 620-0460
Fax:  (213) 624-4840

Attorneys for Defendant
ROCKER BROTHERS MEAT &
PROVISION, INC.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL BERG and KAY RINDER,
in their capacities as Trustees of the
BUTCHER AND PROVISION
WORKERS PENSION FUND OF
SOUTHERN CALIFORNIA,

                Plaintiffs,

                v.

ROCKER BROS. MEAT &
PROVISION, INC., a California
corporation; HOLIDAY MEAT AND
PROVISION CORPORATION,

                Defendants.

CASE NO. CV08-04883 RSWL (MANx)

[~~PROPOSED~~] PROTECTIVE
ORDER; ORDER THEREON

## PROTECTIVE ORDER

### Materials and Information that May Be Designated Confidential

    1.    Provided that the materials or information meet the requirements of

paragraphs 2 and 3 below, any person or entity ("Designating Party") may

designate as "confidential" under this order:  (a) any information or material

produced, formally or informally, in response to a discovery request or subpoena in

1

this action; (b) any information or material produced pursuant to any disclosure obligations imposed by the Federal Rules of Civil Procedure or the Court's local rules; (c) any information or material disclosed or produced on an informal basis; and (d) any material filed with the Court.

2. The following types of material and information may be designated as "confidential" under this protective order: (a) the Designating Party's: (i) proprietary information; (ii) trade secrets; and (iii) confidential research, development, and commercially sensitive business information; (b) information or material received in confidence from third parties; and (c) any other materials or information the Designating Party otherwise believes in good faith is entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

3. The following material may not be designated "Confidential" under this Order:

(a) information that was, is or becomes public knowledge, not in violation of this protective order; or

(b) information that is acquired by the non-Designating Party from a third party having the right to disclose such information or material.

4. Should any party to this action seek discovery from a non-party, the non-party shall be notified of the existence of this protective order and provided with a copy of it. Such non-party or any party may thereafter designate materials, information, deposition testimony, or deposition exhibits to be produced by the non-party as "confidential" consistent with the terms and conditions of this protective order. To the extent the non-party chooses to utilize this procedure, the parties and non-parties shall, pursuant to this protective order, act with respect to such designated material, information, deposition testimony, and deposition exhibits in the same matter as if it had been designated by a party to this action.

**Method of Designation**

5. Written materials, deposition testimony, deposition exhibits, and other

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

information claimed to be "confidential" shall be designated "confidential" under this protective order as follows:

(a) **Written Material:**  Written material (including without limitation production documents and written discovery responses), other than deposition transcripts and deposition exhibits, claimed to be "confidential" shall, prior to production or service, be designated as "confidential" by affixing on each page claimed to contain confidential information a "CONFIDENTIAL" stamp or legend in sufficiently large type and font size to afford reasonable notice to others of the designation;

(b) **Deposition Testimony and Exhibits:**  Deposition testimony or deposition exhibits claimed to be "confidential" shall be designated as "confidential" by either:  (i) at the deposition, orally specifying on the record, before the subject testimony occurs or the subject exhibit is testified to, which testimony or exhibit is claimed to be "confidential"; or (ii) within ten (10) calendar days after the Designating Party's receipt of the deposition transcript (whether by counsel or directly), notifying in writing all counsel of record of the transcript page and line numbers or the deposition exhibits claimed to be "confidential."  To preserve a Designating Party's ability to comply with this provision, the parties to this case shall treat all deposition transcripts and deposition exhibits in this case as "confidential" for at least fourteen (14) calendar days after the party's counsel of record's receipt of the deposition transcript.  Any portions of a transcript designated as "confidential" in accordance with this provision shall thereafter be treated in accordance with this protective order.  In the event no designation is made in the specified manner and within the specified time, neither the deposition transcript nor the deposition exhibits shall be deemed confidential. Deposition testimony or deposition exhibits designated as "confidential" during deposition shall be bound in a separate volume and prominently

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1   marked by the court reporter on the caption page as "CONFIDENTIAL-
2   SUBJECT TO COURT PROTECTIVE ORDER";  and

3       **(c) Other Information:**  Information not reduced to documentary,
4   tangible, or physical form, or which cannot be conveniently designated in the
5   manner set forth above, shall be designated as "confidential" by:  (a)
6   notifying all receiving parties, in writing before the information is produced
7   or shared, that the information is claimed to be "confidential" under this
8   protective order; and (b) identifying with reasonable particularity in such
9   written notice the information claimed to be "confidential."

10                          **Good Faith Designation**

11      6.      Before designating all or any portions of any material, information,
12  deposition testimony, or deposition exhibit as "confidential," counsel for the
13  Designating Party shall make a good faith determination that protection is
14  warranted under Rule 26(c) of the Federal Rules of Civil Procedure.

15      **Use of Confidential Materials, Information, and Deposition Transcripts**

16      7.      All materials, information, deposition testimony, and deposition
17  exhibits designated "confidential" as provided in this protective order
18  ("Confidential Material") shall be used solely for the purpose of litigating this case
19  and shall not be used for any other purpose, including, without limitation, any
20  research, technical development, patent preparation or prosecution, direct or
21  indirect competition with the Designating Party, or other litigation (administrative
22  or judicial) function or purpose.

23      8.      Confidential Material may be disclosed in connection with this action
24  only as specified below:

25      **(a) Parties and Counsel**:  Confidential Material may be disclosed by
26  receiving parties to outside counsel of record for the parties to this action
27  (including legal assistants and regularly employed office staff) and to parties,
28  officers, directors, and employees (including in-house counsel) of parties to

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1    this action.  Receiving parties shall, prior to disclosing Confidential Material

2    to any of its officers, directors, or employees, provide such officers, directors,

3    or employees with a copy of this protective order and notify her or him that

4    he or she is subject to this protective order's terms and conditions.

5         **(b) Outside Consultants:**  Confidential Material may be disclosed by

6    a party's outside counsel of record to actual or potential expert witnesses,

7    provided that, before any such disclosure, such expert has first signed an

8    undertaking acknowledgment in the form attached to this protective order as

9    Exhibit A.

10        **(c) Outside Photocopy, Document Production, and Exhibit**

11   **Preparation Services:**  Confidential Material may be disclosed by the

12   receiving party to outside photocopying, document production, document

13   database, and exhibit preparation services.

14        **(d) Court Personnel:**  Confidential Material filed with the Court may

15   be disclosed to and viewed by appropriate court personnel as necessary

16   without the need of further order of this Court.

17        **(e) Authors and Addresses:**        Confidential Material may be

18   disclosed by the receiving party to any person who appears as an author or

19   addressee on the face of the document, provided the person has signed an

20   acknowledgment in the form provided in Exhibit "A" to this protective order,

21   or to any person who in fact has already received the document (not in

22   violation of this Order).

23        **(f) Court Reporters, Interpreters and/or United States Consular**

24   **Officials:** Confidential Material may be disclosed to certified court reporters,

25   interpreters, and United States Consular officials in connection with taking

26   testimony in this action.

27        **(g) Other Persons:**  Confidential Material may be disclosed to other

28   persons who are subsequently designated by agreement of all parties, or by

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

[PROPOSED]  PROTECTIVE ORDER

1   order of the Court upon motion by a party.

2        **(h)  Deponents:**  Outside counsel of records for a party may show or

3   disclose Confidential Material to a deponent during a deposition.  Where

4   deposition testimony or a deposition exhibit is designated as "confidential" at

5   a deposition, the Designating Party may exclude from the deposition all

6   persons other than the deponent and persons identified above.  If the

7   deponent is not a person identified above, the deponent shall be shown a

8   copy of this protective order, from which point forward, he or she shall be

9   bound by it.

10      9.     Subject to the other provisions of this protective order, copies and

11   extracts of Confidential Material may be made by or for the persons or entities

12   authorized to have access to the Confidential Material pursuant to Paragraph 8 of

13   this Order, provided that all copies and extracts are appropriately marked

14   "CONFIDENTIAL.".

15             **Third Party Requests for Confidential Material**

16      10.    If any party to this action receives a subpoena from a third party that

17   potentially calls for the production of Confidential Material, the party receiving the

18   subpoena shall promptly notify and provide a copy of the subpoena to the

19   Designating Party within ten (10) calendar days of receipt of the subpoena (or as

20   soon as reasonably possible before the designated date of production if the return

21   date on the subpoena is less than ten days from the date of receipt).  The party

22   receiving the subpoena shall produce responsive Confidential Material unless the

23   Designating Party seeks an order of this Court to prevent its disclosure within ten

24   (10) business days of receiving notice of the subpoena, or such other time as the

25   affected parties may agree.

26                         **Court Procedure**

27      11.    **Filing Under Seal:**  In all court applications, motions, and other

28   pleadings containing or referencing Confidential Material, the parties shall comply

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

- 6 -

with Local Rule 79-5.1 which states:

> "Except when authorized by statute or federal rule, or the
> Judicial Conference of the United States, no case or
> document shall be filed under seal without prior approval
> by the Court. Where approval is required, a written
> application and a proposed order shall be presented to the
> judge along with the document submitted for filing under
> seal. The proposed order shall address both the sealing of
> the application and order itself, if appropriate. The
> original and judge's copy of the document shall be sealed
> in separate envelopes with a copy of the title page
> attached to the front of each envelope. Conformed copies
> need not be placed in sealed envelopes. Where under-seal
> filings are authorized by statute or rule, the authority
> therefore shall appear on the title page of the proposed
> filing. Applications and Orders to Seal, along with the
> material to be placed under seal, shall not be
> electronically filed but shall be filed manually in the
> manner prescribed by Local Rule 79-5. A Notice of
> Manual Filing shall also be electronically filed identifying
> materials being manually filed."

12.  **Effect of Seal:**  Unless otherwise ordered by the Court, any document, paper or thing filed under seal pursuant to this protective order shall be kept from public inspection.  Nothing in this paragraph is intended to affect the normal records destruction policy of the United States Courts.

13.  **Court Proceeding:**  When Confidential Material is offered during any Court proceeding, any party may request that the Confidential Material remain

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1    "confidential."   Such a request must be made at the time the document(s) is offered

2    during the proceeding or at the conclusion of the hearing.  In the event any

3    Confidential Material is used in any hearing or other court proceeding, the party

4    proffering the Confidential Material shall advise the Court and the other parties at

5    the time the Confidential Material information is proffered.  At that time, any party

6    may request that the Court close the courtroom, but the decision of whether to do so

7    rests solely with the Judge presiding at the hearing or proceeding.

8                                         **Objections**

9           14.    A party may challenge the propriety of any "confidential" designation

10   under this protective order at any time. A challenge may be made by serving on the

11   Disclosing Party a captioned notice of objection, which shall identify with

12   particularity the items as to which the designation is challenged.  If the Designating

13   Party fails to de-designate the material within ten (10) calendar days after personal

14   or facsimile service (or fourteen (14) calendar days after mailing if service is by

15   mail), or such other time as the parties may agree, the parties shall resolve the

16   dispute in conformance with the requirements of applicable Federal Rules of Civil

17   Procedure and Local Rules, including Local Rule 26.1.  With respect to any

18   proceeding brought in connection with this protective order, the party seeking de-

19   designation shall have the burden to show that the Confidential Material is relevant

20   to the claim or defense of any party or that the Confidential Material is relevant to

21   the subject matter involved in the action and that good cause exists for its being

22   produced, and the Designating Party shall have the burden to show that protection

23   is warranted pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The

24   original designations shall remain effective until three days after entry of an order

25   de-designating the materials.

26                                       **No Prejudice**

27          15.    Nothing in this Order shall preclude any party from seeking and

28   obtaining additional protection or changes to the terms of this protective order.

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

16.     This protective order shall not diminish any existing obligation with respect to Confidential Material, nor prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

17.     Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this protective order shall not be admissible for any purpose during any proceeding on the merits of this action, except for purposes of proving that violation of this protective order has occurred.

18.     A party may seek by written agreement or court order to make late designations of material otherwise entitled to protection under this protective order if the party failed to make a timely designation through mistake or inadvertence and failed to correct such error within a reasonable time in accordance with the requirements set forth in the paragraphs above.

**Final Disposition**

19.     Upon final termination of this action and at the written request of the Designating Party, any and all Confidential Material, and any and all copies and extracts of Confidential Material, shall be returned to the Designating Party or its counsel of record within fourteen (14) calendar days after the request is received or, alternatively, the receiving party shall provide to Designating Party or its counsel of record (again, within fourteen (14) calendar days of receipt), a certification that all such materials have been destroyed.  Further, upon written request of the Designating Party, the receiving party and its counsel of record shall promptly provide copies of all signed acknowledgments obtained by the receiving party or counsel with respect to Confidential Material designated as such by the Designating Party.  Notwithstanding anything else to the contrary in this provision, however, counsel of record may retain pleadings, attorney, consultant, actual or potential expert witness work product, depositions, transcripts and exhibits for archival purposes.  Any tangible things produced shall be returned to the producing party upon final termination of this action.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

[PROPOSED] PROTECTIVE ORDER

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

### Inadvertent Failure to Make "Confidential Designation"

20.    The inadvertent or unintentional production of documents containing, or otherwise disclosing, private, proprietary or secret information without being designated "confidential" at the time of production or disclosure shall not be deemed a waiver in whole or in part of a Designating Party's claim of confidentiality or secrecy under any applicable law, either as to the specific information disclosed or as to any other related information or on the same or related subject matter.  As reasonably soon as possible after becoming aware of any inadvertent failure to make a "confidential" designation, the Designating Party shall notify the receiving party of the error and of the materials, information, deposition testimony, or deposition exhibits that should have been designated as "confidential" under this protective order.  As soon as reasonably practicable after receiving such notice, the receiving party shall appropriately mark any unmarked materials, information, deposition transcripts, or deposition exhibits as "confidential" under this protective order.  From that point forward, such material shall be treated as Confidential Material in accordance with this protective order.

### Inadvertent Production or Disclosure of Privileged Material

21.    Counsel shall exert their best efforts to identify information or material protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such information or material.  The inadvertent production of any document or thing shall be without prejudice to any claim that such material is protected by the attorney-client privilege or protected from discovery as work product, and no party shall be held to have waived any rights there under by inadvertent production.  If within a reasonable time after information or material is disclosed, a producing party asserts that such information or material is protected by the attorney-client privilege or work product doctrine and was inadvertently produced, the receiving party shall take prompt steps to ensure that all known copies of such information or material are returned promptly to the producing party.

- 10 -

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1    The cost, if any, for returning such materials by the receiving party shall be borne

2    by the producing party.  The parties may thereafter contest such claims of privilege

3    or work product as if the information or material had not been produced but shall

4    not assert that a waiver occurred as a result of the production.  If the Court

5    determines that the assertion of privilege was not made within a reasonable time,

6    any waiver of privilege extends only to the inadvertently produced material and not

7    to the subject matter disclosed therein.

8    <div align="center">**Inadvertent Disclosure of Confidential Material**</div>

9          22.    In the event any Confidential Material is inadvertently disclosed by a

10   receiving party, through inadvertence or otherwise, to any person or party not

11   authorized under this  protective order to receive Confidential Material, the party

12   who inadvertently disclosed the Confidential Material shall promptly: (a) inform

13   such person of the provisions of this protective order; (b) advise the Designating

14   Party of the identity of any Confidential Material so disclosed and the identity of

15   the person(s) to whom it was disclosed; and (c) make all reasonable efforts to

16   retrieve all copies of documents and things containing the improperly disclosed

17   information.

18   <div align="center">**Modifications and Survival**</div>

19         23.    The restrictions imposed by this protective may only be modified or

20   terminated by order of this Court.  This protective order shall survive termination of

21   this action.

22   <div align="center">**No Contract**</div>

23         24.    To the extent that the parties have agreed on the terms of this

24   protective order, such stipulation is for the Court's consideration and approval as an

25   order.  The parties' stipulation shall not be construed to create a contract between

26   the parties or between the parties and their respective counsel.

27

28

<div align="center">- 11 -</div>

1

2

### ORDER

3       Good cause appearing, therefore, IT IS HEREBY ORDERED THAT:

4       Based on the stipulation of the parties, the terms of the Protective Order are

5   adopted as an Order of this Court.  The parties are expressly cautioned, however,

6   that this Protective Order in and of itself, creates no entitlement to file under seal

7   information, documents, or things designated as Confidential Material by the

8   parties.  Accordingly, reference to this Order or to the parties' designation of any

9   information, document, or thing as Confidential Material is wholly insufficient to

10  warrant filing under seal.  Good cause must be shown to support a filing under seal,

11  and the parties' mere designation of any information, document, or thing as

12  Confidential Material does not -- without the submission of competent evidence

13  establishing that the material sought to be filed under seal qualifies as:  "(i)

14  proprietary information; (ii) trade secrets; . . . (iii) confidential research,

15  development, and commercially sensitive business information; (iv) information or

16  material received in confidence from third parties; and (v) any other materials or

17  information the Designating Party otherwise believes in good faith is entitled to

18  protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure," --

19  establish good cause.

20

21  DATED:  June 23, 2009                    _____/s/_____

22                                                    MARGARET A. NAGLE
                                                UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

[PROPOSED]  PROTECTIVE ORDER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL BERG and KAY RINDER, in their capacities as Trustees of the BUTCHER AND PROVISION WORKERS PENSION FUND OF SOUTHERN CALIFORNIA,

Plaintiffs,

v.

ROCKER BROS. MEAT & PROVISION, INC., a California corporation; HOLIDAY MEAT AND PROVISION CORPORATION,

Defendants.

CASE NO. CV08-04883 RSWL (MANx)

[~~PROPOSED~~] PROTECTIVE ORDER

**EXHIBIT "A"**

This acknowledges that I have read the Protective Order entered in the above-captioned case on [fill in date Court entered Protective Order] and I agree to be bound by the terms of that Protective Order.

As a condition precedent to my receipt or review of any materials designated "Confidential" pursuant to that Protective Order, I hereby agree that the Protective Order shall be deemed to be directed to and shall include me, and I shall observe and comply with all of its provisions.

I further understand and agree that, in accordance with Paragraphs 7 and 8 of the Protective Order, the confidential information is being disclosed to me solely for purposes of this case, and that I am not permitted to use, and I shall not use, any of such confidential information for any purpose other than this litigation.

Date: _____     Signature: _____

Printed Name: _____

HFB 869663.1 R6694002

- 13 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147