**HILL, FARRER & BURRILL LLP**
James Bowles, Esq. (SBN 089383)
    email: jbowles@hillfarrer.com
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA  90071-3147
Telephone:  (213) 620-0460
Fax:  (213) 624-4840

Attorneys for Defendant
ROCKER BROTHERS MEAT &
PROVISION, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BERG and KAY RINDER, in their capacities as Trustees of the BUTCHER AND PROVISION WORKERS PENSION FUND OF SOUTHERN CALIFORNIA,<br><br>              Plaintiffs,<br><br>         v.<br><br>ROCKER BROS. MEAT & PROVISION, INC., a California corporation; HOLIDAY MEAT AND PROVISION CORPORATION,<br><br>              Defendants. | CASE NO. CV08-04883 RSWL (MANx)<br><br>[PROPOSED] PROTECTIVE ORDER; ORDER THEREON |

**PROTECTIVE ORDER**

      Having considered the foregoing stipulation, and good cause appearing, the Court hereby orders, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

**Materials and Information that May Be Designated Confidential**

      1.     Provided that the materials or information meet the requirements of paragraphs 2 and 3 below, any person or entity ("Designating Party") may

1

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

designate as "confidential" under this order:  (a) any information or material produced by that person or entity, formally or informally, in response to a discovery request or subpoena in this action;  (b) any information or material produced by that person or entity pursuant to any disclosure obligations imposed by the Federal Rules of Civil Procedure or the Court's local rules; and (c) any information or material disclosed or produced by that person or entity on an informal basis.

2.     The following types of material and information may be designated as "confidential" under this protective order:  the Designating Party's:  (i) proprietary information; (ii) trade secrets; and (iii) confidential research, development, and commercially sensitive business information; (iv) information or material received in confidence from third parties; and (v) any other materials or information the Designating Party otherwise believes in good faith is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

3.     The following material may not be designated "Confidential" under this Order:

(a) information that was, is or becomes public knowledge, not in violation of this protective order; or

(b) information that is acquired by the non-Designating Party from a third party having the right to disclose such information or material.

4.     Should any party to this action seek discovery from a non-party, the non-party shall be notified of the existence of this protective order and provided with a copy of it.  Such non-party may thereafter designate materials, information, deposition testimony, or deposition exhibits to be produced by the non-party as "confidential" consistent with the terms and conditions of this protective order.  To the extent the non-party chooses to utilize this procedure, the parties and non-parties shall, pursuant to this protective order, act with respect to such designated material, information, deposition testimony, and deposition exhibits in the same matter as if it had been designated by a party to this action.

- 2 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

**Method of Designation**

5.     Written materials, deposition testimony, deposition exhibits, and other information claimed to be "confidential" shall be designated "confidential" under this protective order as follows:

**(a) Written Material:**  Written material (including without limitation production documents and written discovery responses), other than deposition transcripts and deposition exhibits, claimed to be "confidential" shall, prior to production or service, be designated as "confidential" by affixing on each page claimed to contain confidential information a "CONFIDENTIAL" stamp or legend in sufficiently large type and font size to afford reasonable notice to others of the designation;

**(b) Deposition Testimony and Exhibits:**  Deposition testimony or deposition exhibits claimed to be "confidential" shall be designated as "confidential" by either: (i) at the deposition, orally specifying on the record, before the subject testimony occurs or the subject exhibit is testified to, which testimony or exhibit is claimed to be "confidential"; or (ii) within ten (10) calendar days after the Designating Party's receipt of the deposition transcript (whether by counsel or directly), notifying in writing all counsel of record of the transcript page and line numbers or the deposition exhibits claimed to be "confidential."  Parties and non-parties may designate only their own witnesses' deposition testimony and/or documents as confidential. To preserve a Designating Party's ability to comply with this provision, the parties to this case shall treat all deposition transcripts and deposition exhibits in this case as "confidential" for at least fourteen (14) calendar days after the party's counsel of record's receipt of the deposition transcript.  Any portions of a transcript designated as "confidential" in accordance with this provision shall thereafter be treated in accordance with this protective order. In the event no designation is made in the specified manner and within the

- 3 -

1  specified time, neither the deposition transcript nor the deposition exhibits

2  shall be deemed confidential.  Deposition testimony or deposition exhibits

3  designated as "confidential" during deposition shall be bound in a separate

4  volume and prominently marked by the court reporter on the caption page as

5  "CONFIDENTIAL-SUBJECT TO COURT PROTECTIVE ORDER"; and

6  　　　　**(c) Other Information:**  Information not reduced to documentary,

7  tangible, or physical form, or which cannot be conveniently designated in the

8  manner set forth above, shall be designated as "confidential" by:  (a)

9  notifying all receiving parties, in writing before the information is produced

10  or shared, that the information is claimed to be "confidential" under this

11  protective order; and (b) identifying with reasonable particularity in such

12  written notice the information claimed to be "confidential."

13  　　　　　　　　　**Good Faith Designation**

14  　　　6.　　Before designating all or any portions of any material, information,

15  deposition testimony, or deposition exhibit as "confidential," counsel for the

16  Designating Party shall make a good faith determination that protection is

17  warranted under Rule 26(c) of the Federal Rules of Civil Procedure.

18  　**Use of Confidential Materials, Information, and Deposition Transcripts**

19  　　　7.　　All materials, information, deposition testimony, and deposition

20  exhibits designated "confidential" as provided in this protective order

21  ("Confidential Material") shall be used solely for the purpose of litigating this case

22  and shall not be used for any other purpose, including, without limitation, any

23  research, technical development, patent preparation or prosecution, direct or

24  indirect competition with the Designating Party, or other litigation (administrative

25  or judicial) function or purpose.

26  　　　8.　　Confidential Material may be disclosed in connection with this action

27  only as specified below:

28  　　　　**(a) Parties and Counsel**:  Confidential Material may be disclosed by

- 4 -

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

receiving parties to outside counsel of record for the parties to this action (including legal assistants and regularly employed office staff) and to parties, officers, directors, and employees (including in-house counsel) of parties to this action.  Receiving parties shall, prior to disclosing Confidential Material to any of its officers, directors, or employees, provide such officers, directors, or employees with a copy of this protective order and notify her or him that he or she is subject to this protective order's terms and conditions.

**(b) Outside Consultants:**  Confidential Material may be disclosed by a party's outside counsel of record to actual or potential expert witnesses, provided that, before any such disclosure, such expert has first signed an undertaking acknowledgment in the form attached to this protective order as Exhibit A.

**(c) Outside Photocopy, Document Production, and Exhibit Preparation Services:**  Confidential Material may be disclosed by the receiving party to outside photocopying, document production, document database, and exhibit preparation services.

**(d) Court Personnel:**  Confidential Material filed with the Court may be disclosed to and viewed by appropriate court personnel as necessary without the need of further order of this Court.

**(e) Authors and Addresses:**  Confidential Material may be disclosed by the receiving party to any person who appears as an author or addressee on the face of the document, provided the person has signed an acknowledgment in the form provided in Exhibit "A" to this protective order, or to any person who in fact has already received the document (not in violation of this Order).

**(f) Court Reporters, Interpreters and/or United States Consular Officials:** Confidential Material may be disclosed to certified court reporters, interpreters, and United States Consular officials in connection with taking

- 5 -

1 testimony in this action.

2 **(g) Other Persons:** Confidential Material may be disclosed to other

3 persons who are subsequently designated by agreement of all parties, or by

4 order of the Court upon motion by a party.

5 **(h) Deponents:** Outside counsel of record for a party may show or

6 disclose Confidential Material to a deponent during a deposition. Where

7 deposition testimony or a deposition exhibit is designated as "confidential" at

8 a deposition, the Designating Party may exclude from the deposition all

9 persons other than the deponent and persons identified above. If the

10 deponent is not a person identified above, the deponent shall be shown a

11 copy of this protective order, from which point forward, he or she shall be

12 bound by it.

13 9. Subject to the other provisions of this protective order, copies and

14 extracts of Confidential Material may be made by or for the persons or entities

15 authorized to have access to the Confidential Material pursuant to Paragraph 8 of

16 this Order, provided that all copies and extracts are appropriately marked

17 "CONFIDENTIAL."

18 **Third Party Requests for Confidential Material**

19 10. If any party to this action receives a subpoena from a third party that

20 potentially calls for the production of Confidential Material, the party receiving the

21 subpoena shall promptly notify and provide a copy of the subpoena to the

22 Designating Party within ten (10) calendar days of receipt of the subpoena (or as

23 soon as reasonably possible before the designated date of production if the return

24 date on the subpoena is less than ten days from the date of receipt). The party

25 receiving the subpoena shall produce responsive Confidential Material unless the

26 Designating Party seeks an order of this Court to prevent its disclosure within ten

27 (10) business days of receiving notice of the subpoena, or such other time as the

28 affected parties may agree.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

### Court Procedure

11.   **Filing Under Seal:**  Unless redaction of the information designated as confidential is possible, in all court applications, motions, and other pleadings containing or referencing Confidential Material, the parties shall comply with Local Rule 79-5.1which states:

> "Except when authorized by statute or federal rule, or the Judicial Conference of the United States, no case or document shall be filed under seal without prior approval by the Court.  Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal.  The proposed order shall address both the sealing of the application and order itself, if appropriate.  The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope.  Conformed copies need not be placed in sealed envelopes.  Where under-seal filings are authorized by statute or rule, the authority therefore shall appear on the title page of the proposed filing.  Applications and Orders to Seal, along with the material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by Local Rule 79-5.  A Notice of Manual Filing shall also be electronically filed identifying materials being manually filed."

12.   **Effect of Seal:**  Nothing in this paragraph is intended to affect the normal records destruction policy of the United States Courts.

13.   **Court Proceeding:**  When Confidential Material is offered during any Court proceeding, any party may request that the Confidential Material remain "confidential."  Such a request must be made at the time the document(s) is offered during the proceeding or at the conclusion of the hearing.  In the event any Confidential Material is used in any hearing or other court proceeding, the party proffering the Confidential Material shall advise the Court and the other parties at the time the Confidential Material information is proffered.  At that time, the Designating Party may request that the Court close the courtroom, but the decision of whether to do so rests solely with the Judge presiding at the hearing or proceeding.

## Objections

14.   A party may challenge the propriety of any "confidential" designation under this protective order at any time.  A challenge may be made by serving on the Disclosing Party a captioned notice of objection, which shall identify with particularity the items as to which the designation is challenged.  If the Designating Party fails to de-designate the material within ten (10) calendar days after personal or facsimile service (or thirteen (13) calendar days after mailing if service is by mail), or such other time as the parties may agree, the parties shall resolve the dispute in conformance with the requirements of applicable Federal Rules of Civil Procedure and Local Rules, including Local Rule 37-1.  With respect to any proceeding brought in connection with this protective order, the Designating Party shall have the burden to show that protection is warranted pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.  The original designations shall remain effective until three days after entry of an order de-designating the materials.

## No Prejudice

15.   Nothing in this Order shall preclude any party from seeking and obtaining additional protection or changes to the terms of this protective order.

16.   This protective order shall not diminish any existing obligation with

- 8 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

respect to Confidential Material, nor prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

17.     Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this protective order shall not be admissible for any purpose during any proceeding on the merits of this action, except for purposes of proving that violation of this protective order has occurred.

18.     A party may seek by written agreement or court order to make late designations of material otherwise entitled to protection under this protective order if the party failed to make a timely designation through mistake or inadvertence.

**Final Disposition**

19.     Upon final termination of this action and at the written request and at the expense of the Designating Party, any and all Confidential Material, and any and all copies and extracts of Confidential Material, shall be returned to the Designating Party or its counsel of record within fourteen (14) calendar days after the request is received or, alternatively, the receiving party shall provide to Designating Party or its counsel of record (again, within fourteen (14) calendar days of receipt), a certification that all such materials have been destroyed.  Further, upon written request of the Designating Party, the receiving party and its counsel of record shall promptly provide copies of all signed acknowledgments obtained by the receiving party or counsel with respect to Confidential Material designated as such by the Designating Party.  Notwithstanding anything else to the contrary in this provision, however, counsel of record may retain pleadings, attorney, consultant, actual or potential expert witness work product, depositions, transcripts and exhibits for archival purposes.  Any tangible things produced shall be returned to the producing party upon final termination of this action.

**Inadvertent Disclosure of Confidential Material**

20.     In the event any Confidential Material is inadvertently disclosed by a receiving party, through inadvertence or otherwise, to any person or party not

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

- 9 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

authorized under this protective order to receive Confidential Material, the party who inadvertently disclosed the Confidential Material shall promptly: (a) inform such person of the provisions of this protective order; (b) advise the Designating Party of the identity of any Confidential Material so disclosed and the identity of the person(s) to whom it was disclosed; and (c) make all reasonable efforts to retrieve all copies of documents and things containing the improperly disclosed information.

**Modifications and Survival**

21.    The restrictions imposed by this protective may only be modified or terminated by order of this Court.  This protective order shall survive termination of this action.

**No Contract**

22.    To the extent that the parties have agreed on the terms of this protective order, such stipulation is for the Court's consideration and approval as an order.  The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

**ORDER**

Good cause appearing, therefore, IT IS HEREBY ORDERED THAT:

Based upon the stipulation of the parties, the terms of the Protective Order are adopted as an Order of this Court.  The parties are expressly cautioned, however, that this Protective Order in and of itself, creates no entitlement to file under seal information, documents, or things designated as Confidential Material by the parties.  Accordingly, reference to this Order or to the parties' designation of any information, document, or thing as Confidential Material is wholly insufficient to warrant filing under seal.  Good cause must be shown to support a filing under seal, and the parties' mere designation of any information, document, or thing as

- 10 -

1  Confidential Material does not -- without the submission of competent evidence

2  establishing that the material sought to be filed under seal qualifies as: "(i)

3  proprietary information; (ii) trade secrets; . . . (iii) confidential research,

4  development, and commercially sensitive business information; (iv) information or

5  material received in confidence from third parties; and (v) any other materials or

6  information the Designating Party otherwise believes in good faith is entitled to

7  protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure," --

8  establish good cause.

9

10  DATED:  July 28, 2009                    _____/s/_____

11                                          MARGARET A. NAGLE
                                            UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER (CASE NO. CV 08-04883 RSWL (MANX)

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL BERG and KAY RINDER, in their capacities as Trustees of the BUTCHER AND PROVISION WORKERS PENSION FUND OF SOUTHERN CALIFORNIA,

                              Plaintiffs,

            v.

ROCKER BROS. MEAT & PROVISION, INC., a California corporation; HOLIDAY MEAT AND PROVISION CORPORATION,

                              Defendants.

CASE NO. CV08-04883 RSWL (MANx)

[~~PROPOSED~~] PROTECTIVE ORDER

## EXHIBIT "A"

This acknowledges that I have read the Protective Order entered in the above-captioned case on [fill in date Court entered Protective Order] and I agree to be bound by the terms of that Protective Order.

As a condition precedent to my receipt or review of any materials designated "Confidential" pursuant to that Protective Order, I hereby agree that the Protective Order shall be deemed to be directed to and shall include me, and I shall observe and comply with all of its provisions.

I further understand and agree that, in accordance with Paragraphs 7 and 8 of the Protective Order, the confidential information is being disclosed to me solely for purposes of this case, and that I am not permitted to use, and I shall not use, any of such confidential information for any purpose other than this litigation.

Date: _____       Signature: _____

                                  Printed Name: _____

HFB 869663.1 R6694002

- 12 -